IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS, JR., <br><br> Plaintiff, <br><br> v. <br><br> AMOS JOE JONES, SR., UNIDENTIFIED ATTORNEY, <br><br> Defendants. | Case No.: C 13-1905 CW (PR) <br><br> ORDER OF DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER <br><br> (Docket no. 4) |

Plaintiff, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Defendant Amos Joe Jones, Sr., "has attempted to commit theft and fraud" to gain illegal access to the home left to Plaintiff by his grandmother, and that an unidentified attorney, who was supposed to protect Plaintiff's property interest, has failed to do so.  Compl. at 3, 5.  He seeks return of the property to him and monetary damages.

Plaintiff's claim cannot proceed under 42 U.S.C. § 1983, because private individuals and entities do not act under color of state law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974).  There is no constitutional right to be free from the infliction of deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Because the Defendants named in the complaint are private actors, Plaintiff's allegations against them do not state a cognizable claim for relief under 42 U.S.C. § 1983.  Further, granting Plaintiff leave to amend the complaint to state a claim based on such allegations would be futile.

Accordingly, this action is DISMISSED with prejudice.[1]  Further, because Plaintiff's motion for a temporary restraining order seeks the same relief as his complaint, that motion is DENIED.

---

[1] The Court makes no determination as to whether Plaintiff may seek relief under state law in a state court action.

2

1    The Clerk of the Court shall enter judgment and close the
2 file.
3    This Order terminates Docket no. 4.
4    IT IS SO ORDERED.

Dated: 5/31/2013
　　　　　　　　　　　　　　　　　　CLAUDIA WILKEN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE